Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Shannon Troung,** an Arizona resident; | Case No. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT** |
| **Garden View Townhomes, LLC**, an Arizona company; and **Franciszek Janowiak,** an Arizona resident; | |
| Defendants. | **(Jury Trial Requested)** |

Plaintiff Shannon Troung, for her Verified Complaint against Defendants, hereby allege as follows:

## **NATURE OF THE CASE**

1. Plaintiff brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); and A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**").

2. This action is also brought to recover minimum wage compensation, liquidated or double damages, and statutory penalties resulting from Defendants' violations

of the FLSA and the Arizona Minimum Wage Statute.

3.     This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

**JURISDICTION AND VENUE**

4.     This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Plaintiff's state law claim is sufficiently related to her federal claims that it forms the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Minimum Wage Statute pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

7.     Plaintiff was employed by Defendants in this District.

**PARTIES**

8.     At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

9.     Plaintiff was a full-time employee of Defendants from on or around May 1, 2015 until on or around September 20, 2019.

10.    At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

11.    At all relevant times, Plaintiff was an employee of Defendants as defined by

A.R.S. § 23-362(A).

12. Defendant Garden View Townhomes, LLC is a company authorized to do business in Arizona.

13. Defendant Garden View Townhomes, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. Defendant Garden View Townhomes, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15. Defendant Franciszek Janowiak is an Arizona resident.

16. Defendant Franciszek Janowiak has directly caused events to take place giving rise to this action.

17. Defendant Franciszek Janowiak is a manager at Garden View Townhomes, LLC.

18. Defendant Franciszek Janowiak is the owner of Garden View Townhomes, LLC.

19. Defendant Franciszek Janowiak has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

20. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Franciszek Janowiak is an employer.

21. Defendant Franciszek Janowiak has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

22. Defendant Franciszek Janowiak had the authority to hire and fire employees.

23. On or around May 1, 2015, Defendant Franciszek Janowiak hired Plaintiff.

24. On or around September 20, 2019, Defendant Franciszek Janowiak fired Plaintiff.

25. Defendant Franciszek Janowiak supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

26. Defendant Franciszek Janowiak determined the rate and method of Plaintiff's payment of wages.

27. Defendant Franciszek Janowiak maintained employment records in connection with Plaintiff's employment.

28. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Franciszek Janowiak is subject to individual and personal liability under the FLSA.

29. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Franciszek Janowiak is subject to individual and personal liability under the Arizona Minimum Wage Statute.

30. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

31. Defendants, and each of them, are sued in both their individual and corporate capacities.

32. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

33. Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

34. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

35. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

36. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

## FACTUAL ALLEGATIONS

37. Defendants, together, are a real estate, rental, and leasing company.

38. On or around May 1, 2015, Plaintiff commenced employment with Defendants as an on-site property manager.

39. Plaintiff's primary job duties included showing apartments; watch for general safety of the apartments; daily pool duties which included cleaning, unlocking, and locking; general property cleanup; turning the gate off before a storm; collecting rent, past dues, non-compliant notices, evictions; and managing and taking care of all of the properties.

40. From on or around May 1, 2015 until on or around September 20, 2019, Plaintiff was a non-exempt employee.

41. Plaintiff was not paid an hourly rate or salary.

42. Plaintiff was required to be on-call 12 hours a day, 7 days a week.

43. Plaintiff estimates that she worked approximately 84 hours a week for Defendants.

44. Plaintiff has never received any compensation for work she has provided for Defendants.

45. Plaintiff did not have an opportunity for profit or loss based on her work for Defendants.

46. Plaintiff did not invest in equipment or materials in her work for Defendants.

47. Plaintiff did not employ any helpers in her work for Defendants.

48. Plaintiff's work for Defendants did not require a special skill.

49. Plaintiff worked for Defendants for over four years.

50. Defendants provided lodging to Plaintiff.

51. Plaintiff's lodging benefitted Defendants.

52. Plaintiff's lodging did not primarily benefit her.

53. Plaintiff's living room was used as an office to collect tenant's rent, sign leases, and showings for potential tenants.

54. Tenants and potential tenants would frequently stop by Plaintiff's apartment.

55. Defendants did not maintain accurate records of the costs incurred in the furnishing of the lodging.

56. Plaintiff did not receive regular invoices or deductions on her paystubs for the lodging.

57. Plaintiff never agreed to a cost to be deducted for any lodging.

58. The reasonable cost of the lodging to Defendants is equal to the cost of operation and maintenance including adequate depreciation plus a reasonable allowance (not more than 5 1/2 percent) for interest on the depreciated amount of capital invested by the Defendants.

59. The reasonable cost of the lodging is less than the minimum wages that Plaintiff should have received.

60. The reasonable cost of the lodging is less than the wages that Plaintiff should have received.

61. Plaintiff was required to be on-call at the property location.

62. If there was a problem, Plaintiff was required to leave her room and work. This benefitted Defendants for having her live at the provided lodging.

63. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

64. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

65. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

66. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
**(FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)**

67. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

68. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

69. Plaintiff is an employee entitled to the statutorily mandated minimum wage.

70. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

71. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving proper compensation in accordance with 29 U.S.C.§

206.

72. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

73. Defendants' actions in failing to properly compensate Plaintiff, in violation of the FLSA, were willful.

74. Defendants knew Plaintiff was not being compensated properly for time worked and failed to pay proper minimum wages.

75. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

76. Defendants have not made a good faith effort to comply with the FLSA.

77. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

### COUNT II
### (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

78. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

79. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

80. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

81. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest

pursuant to A.R.S. § 23-364(g).

82. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

83. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

84. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

85. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

86. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

87. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

88. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

89. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

90. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek from on or around May 1, 2015 until on or around September 20, 2019 and failed to pay proper overtime wages.

91. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

92. Defendants have not made a good faith effort to comply with the FLSA.

93. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

   i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

   ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

   iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

   v. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and

declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364(g) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED October 14, 2019.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
14500 N. Northsight Blvd. Suite 133
Scottsdale, AZ 85260
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Shannon Troung declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

*Shannon G Troung*

Shannon Troung