**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shannon Troung, | No. CV-19-05398-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Garden View Townhomes LLC, et al., | |
| Defendants. | |

Before the Court are Plaintiff's motion to dismiss Mr. Janowiak's counterclaims for lack of jurisdiction (Doc. 11) and motion to strike Defendants' affirmative defenses 2-4 (Doc. 19), which are fully briefed.[1] For the reasons explained below, the Court will grant Plaintiff's motion to dismiss and grant in part Plaintiff's motion to strike.

**I. Background**

Plaintiff worked as a property manager at Defendant Garden View Townhomes, LLC ("Garden View") from approximately May 1, 2015 until September 20, 2019. (Doc. 26 at 2.) On October 14, 2019, Plaintiff filed a complaint against Garden View and Franciszek Janowiak, Garden View's owner and manager, that asserts claims for violation of the Fair Labor Standards Act ("FLSA") and A.R.S. §§ 23-362 – 23-364 stemming from Defendants' alleged failure to pay her minimum wage or overtime wages during her

---

[1] Defendant's request for oral argument is denied because the issues are adequately briefed and oral argument will not help the Court resolve the motion. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f); *Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

employment. (Doc. 1.) On November 8, 2019, Defendants filed an answer to Plaintiff's complaint. (Doc. 9.) The same day, Mr. Janowiak asserted counterclaims against Plaintiff and additional counterdefendants for conversion, unjust enrichment, and violations of A.R.S. § 13-2314.04 arising from an alleged scheme in which Plaintiff impersonated Mr. Janowiak and used his credit accounts to make purchases and to obtain cash advances on behalf of herself and the other co-counterdefendants. (Doc. 10.) On November 11, 2019, Plaintiff filed a motion to dismiss Mr. Janowiak's counterclaims for lack of subject matter jurisdiction, arguing that the counterclaims do not form part of the same case or controversy necessary for the Court to exercise supplemental jurisdiction. (Doc. 11.) On November 26, 2019, Defendants filed an amended answer to Plaintiff's complaint, which amended Defendants' affirmative defenses to include estoppel, setoff, and unclean hands defenses based on Plaintiff's alleged credit fraud scheme. (Doc. 18.) On December 3, 2019, Plaintiff filed a motion to strike Defendants' affirmative defenses 2-4. (Doc. 19.) On December 13, 2019, Plaintiff filed an amended complaint, adding Mr. Janowiak's spouse, Elzbieta Janowiak, as a Defendant. (Doc. 26.) On December 23, 2019, Defendants filed an answer to Plaintiff's amended complaint, which asserts identical affirmative defenses 2-4. (Doc. 32.) The motions are now ripe.

**II. Legal Standards**

    **A. Counterclaims**

In certain instances, federal courts may maintain supplemental jurisdiction over counterclaims that have no other basis for jurisdiction. 28 U.S.C. § 1367. Particularly, "a court has jurisdiction over state law claims that are so related to claims brought under the Court's federal question jurisdiction that they form part of the same case or controversy under Article III." *Ader v. SimonMed Imaging Inc.*, 324 F. Supp. 3d 1045, 1050 (D. Ariz. 2018) (quotations omitted). To determine whether a counterclaim constitutes part of the same case or controversy, "the Court must determine whether the federal claim and the state claim arise from the same 'common nucleus of operative fact.'" *Id.* (quoting *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005)). The Ninth Circuit applies the

"liberal logical relationship test" which studies "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Pochiro v. Prudential Ins. Co. of Am.*, 827 F. 2d 1246, 1249 (9th Cir. 1987) (citation omitted). In applying the test, the Court assumes the factual allegations in the challenged pleadings are true and draws all reasonable inferences in the non-moving party's favor. *Poehler v. Fenwick*, No. CV-15-1161-JWS, 2015 WL 7299804, at *1 (D. Ariz. Nov. 19, 2015).

### B. Affirmative Defenses

The Court may strike an affirmative defense that is insufficient, immaterial, or impertinent. *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 858 (9th Cir. 2007) (citing Fed. R. Civ. P. 12(f)). An affirmative defense is immaterial if it does not directly relate to the plaintiff's underlying claim for relief. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 (9th Cir. 2010) (citation omitted). An affirmative defense is impertinent if it does not pertain and is not necessary to the issues in question. *Id.* "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Ader v. SimonMed Imaging, Inc.*, 324 F. Supp. 3d 1045, 1049 (D. Ariz. 2018) (citation omitted).

## III. Discussion

### A. Plaintiff's Motion to Dismiss Counterclaims

It is undisputed that there is no independent basis for the Court's jurisdiction over Defendant's counterclaims. Plaintiff argues that Mr. Janowiak's counterclaims should be dismissed because accusations that Plaintiff engaged in illegal or fraudulent conduct while working at Garden View are unrelated to the issues central to her FLSA claim—the hours she worked or the wages or overtime compensation she was paid—and therefore do not share the same common nucleus of operative fact. (Doc. 11 at 2-4.) Mr. Janowiak responds that grounds exist for the Court to exercise supplemental jurisdiction over the counterclaims because Plaintiff only filed her complaint for wage violations in response to Mr. Janowiak's discovery of her fraudulent use of his credit cards, and the evidence related

to the counterclaims establishes Plaintiff's lack of credibility. (Doc. 21 at 9-10.)

The Court concludes that it is inappropriate to exercise supplemental jurisdiction over Mr. Janowiak's counterclaims. The fact that all alleged claims and counterclaims arise out of the same employment relationship, alone, is insufficient to conclude that they share a common nucleus of operative fact. *Ader*, 324 F. Supp. 3d at 1050. The Court also is unfamiliar with any authority—and Mr. Janowiak cites to none—to support the theory that counterclaims that might discredit a plaintiff's general credibility share a common nucleus of operative fact with the plaintiff's claims. Were the Court to exercise supplemental jurisdiction over every counterclaim that, if proven, might undermine a claimant's credibility, the exception would swallow the rule.

In addition, considerations of judicial economy and fairness do not dictate that these issues be resolved in one lawsuit. Discovery for Plaintiff's claim will focus on Plaintiff's employment status, the hours she worked, whether an exemption applies to determine whether she is owed wages and overtime, and whether any violations by Defendants were willful. Conversely, Mr. Janowiak's counterclaims would demand entirely different discovery related to the alleged scheme to defraud Mr. Janowiak.

Furthermore, even if there were a greater nexus between Plaintiff's claims and Mr. Janowiak's counterclaims, policy considerations weigh against exercising jurisdiction. This district previously has done so under similar circumstances, noting "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act." *Poehler*, 2015 WL 7299804, at *7 (citations omitted). Accordingly, the Court will grant Plaintiff's motion to dismiss.

**B. Plaintiff's Motion to Strike Affirmative Defenses 2-4**

Defendants, in both their amended answer (Doc. 18) and answer to Plaintiff's amended complaint (Doc. 32), assert identical affirmative defenses 2-4. Although Plaintiff's motion to strike refers specifically to affirmative defenses 2-4 asserted in the

amended answer, which is no longer the operative answer, the Court will treat the motion as directed to the identical affirmative defenses 2-4 raised in the answer to Plaintiff's amended complaint. The Court will address whether Defendants' affirmative defenses of estoppel, setoff, and unclean hands are sufficient, material, and pertinent, in turn.

### 1. Estoppel

In affirmative defense 2, Defendants advance an estoppel defense, contending that Plaintiff's failure to account for and/or report her overtime hours estops her claim for overtime related pay. (Doc. 32 at 5-6.) Plaintiff contends that Defendants' estoppel defense is not recognized under the FLSA and should therefore be stricken. (Doc. 19 at 3.) However, "there appears to be a circuit split as to whether an employee's failure to accurately report his or her time on his or her timesheets estops the employee from challenging those timesheets in a FLSA suit," and the Ninth Circuit has not spoken directly on the question. *Lillehagen v. Alorica, Inc.*, No. SACV 13-0092-DOC (JPRx), 2014 WL 6989230, at *21 (C. D. Cal. Dec. 10, 2014). Because the Ninth Circuit has not definitively held that an estoppel defense is inappropriate in an FLSA case, the Court will not strike Defendants' second affirmative defense.

### 2. Setoff

In affirmative defense 3, Defendants contend that sums due to Plaintiff should be set off by the amount owed by Plaintiff to Defendants stemming from her fraudulent use of Mr. Janowiak's credit cards to make purchases and obtain cash advances. (Doc. 32 at 6-7.) Plaintiff asserts that, because the Court lacks subject matter jurisdiction over the counterclaims, it should not consider those same claims when recast as an affirmative defense. (Doc. 19 at 4-5.) When confronted with this issue, the Ninth Circuit in *Ader* explained,

> Courts sometimes use the terms setoff and counterclaim interchangeably. The Ninth Circuit, however, has expressed a willingness to disregard labels and characterize an action according to its substance. [Defendant's] affirmative defense alleges that [a]ny sums due to [Plaintiff] from Defendants should be set off by the sums owed by [Plaintiff] to [Defendant] stemming from [Plaintiff's] engage[ment] in various activities related to the sale of radiological equipment

> to [Defendant]. This defense would require the presentation of [Defendant's] own evidence about [Plaintiff's] alleged misdeeds and a finding by the jury as to Defendants' damages after considering the Court's instruction on the law regarding Defendants' claims. Only then would the jury offset any award of damages to [Plaintiff] by the amount awarded to Defendants. The Court thus sees no distinction between the Defendants' affirmative defense of setoff and its counterclaims, which have been dismissed for lack of subject matter jurisdiction. Because the Court does not have jurisdiction over those counterclaims, the Court finds no basis for allowing the parties to litigate those same claims just because they have been framed as an affirmative defense rather than a counterclaim. As such, the Court will strike the Defendants'. . . affirmative defense of set off.

*Ader*, 324 F. Supp. 3d at 1052-53. Like in *Ader*, Defendants' third affirmative defense would obligate the discrete discovery and presentation of evidence about Plaintiff's alleged illicit activity and a separate jury finding regarding Defendants' damages. Consequently, any distinction between Defendants' affirmative defense of setoff and Mr. Janowiak's counterclaims is illusory. The Court will not permit Defendants to work around the Court's dismissal of Mr. Janowiak's counterclaims by recharacterizing them as an affirmative defense. The Court will therefore strike Defendants' third affirmative defense.

### 3. Unclean Hands

In affirmative defense 4, Defendants advance an unclean hands defense, contending that Plaintiff's claim is barred, to the extent Plaintiff seeks amounts in excess of minimum wage, because of Plaintiff's fraudulent use of Mr. Janowiak's credit cards. However, as discussed when addressing Defendants' third affirmative defense, the Court has declined to exercise supplemental jurisdiction over Mr. Janowiak's counterclaims that allege Plaintiff's misconduct unrelated to her claims. Like the setoff affirmative defense, the unclean hands affirmative defense is merely a recharacterization of these counterclaims. Thus, the Court will strike Defendants' fourth affirmative defense.

**IT IS ORDERED** that Plaintiff's motion to dismiss (Doc. 11) is **GRANTED**. Mr. Janowiak's counterclaims are hereby dismissed.

//

//

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (Doc. 19) is **GRANTED IN PART**. The Clerk of Court is directed to strike Defendants' third and fourth affirmative defenses in their answer to Plaintiff's amended complaint (Doc. 32).

Dated this 8th day of January, 2020.

*[signature]*
Douglas L. Rayes
United States District Judge