EXHIBIT

2

**EXHIBIT 2**

The Kozub Law Group, PLC
Richard W. Hundley, #19829
7537 East McDonald Drive
Scottsdale, Arizona 85250
mewak@kozublaw.com
(480) 624-2700

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| Shannon Truong, an Arizona resident, | Case No. 2:19-CV-05398-DLR |
|---|---|
| Plaintiff, | **DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF NON-UNIFORM INTERROGATORIES** |
| v. | |
| Garden View Townhomes, LLC, an Arizona company; and Franciszek Janowiak, an Arizona resident, | (Assigned to the Hon. Douglas L. Rayes) |
| Defendants. | |
| AND RELATED COUNTERCLAIM | |

Defendants, Garden View Townhomes, LLC, and Franciszek Janowiak, hereby respond to Plaintiff's First Set of Non-Uniform Interrogatories, served and dated November 18, 2019, as follows:

**INTERROGATORY NO. 1:** Identify any complaint, allegation, charge, lodged with or against You, asserting any act or alleged violation of the Fair Labor Standards Act "FLSA" or non-payment of wages. This Interrogatory requires you to identify all persons involved in each complaint, allegation or demand; a detailed description of the substance thereof, including the facts, claims and defenses; the ultimate resolution thereof; and all documents related thereto.

**RESPONSE:** None.

1

**INTERROGATOR NO. 2:** Describe in detail the facts that you considered in determining how to structure Plaintiff's compensation including any alterations thereto.

**RESPONSE:** The parties entered into an Independent Contractor Agreement, dated May 1, 2015, which outlined the tasks required of the Plaintiff and which indicated she was "free to set (her) own work schedule related to work performed." In exchange, she was to receive a $200 credit towards rent which was at that time approximately $800. Before the end of May 2015, the parties revisited the amount of compensation. They agreed the tasks required of Plaintiff would require approximately ten hours a week, forty hours a month. Therefore, the parties amended the Independent Contractor Agreement to increase the compensation to "half month rent plus $100," resulting in total consideration of approximately $550 a month which reflected more than a $10 per hour rate of compensation.

By August 2016, the parties again amended the Independent Contractor Agreement, increasing Plaintiff's compensation to full free rent from and after August 2016 which remained the rate of compensation thereafter. Defendants offered this increase because Plaintiff's husband had lost his job.

Plaintiff's rate of compensation was based upon the agreement her duties would require no more than perhaps an hour a day, occasionally two hours in a day, and ten hours a week. The parties had discussed and agreed the time required for Plaintiff to accept rent payments from tenants who wished to pay when Mr. Janowiak was not

present would be a matter of minutes and would only occur at the beginning or end of a month. The time required to accept rental applications and show vacant apartments to perspective tenants would be dependent on whether there were vacancies at any particular time. There was generally no vacancies. In fact, there were no more than fourteen new tenants who moved in between May 2015 and September 2019. The time necessary to show the apartment when there was a vacancy was fifteen to twenty minutes per applicant. The time needed to on occasion walk the complex to see if there were any clean-up or safety issues would take about five minutes. The Independent Contractor Agreement called for Plaintiff to clean the pool but this was only required of her if Mr. Janowiak did not clean the pool which he did on a daily basis. On dates he was unavailable to do so, the time for Plaintiff to sweep the pool would take twenty minutes.

**INTERROGATORY NO. 3:** Identify any and all methods, mechanisms, technology and documents You have used during the last five years to track or monitor the time worked by Plaintiff as well as any other current/former worker, and describe in detail how such time records impact your employee's pay, as well as any impact or influence such time records have on employment decisions (including decisions regarding retention, promotion, demotion, discipline, and performance evaluations).

**RESPONSE:** Mr. Janowiak would arrive at the Garden View Townhomes on a daily basis and in the early morning hours. He would attend to its management, any necessary repairs or clean-up, clean the pool, and attend to other management and maintenance tasks. At some point during the morning, he would briefly visit Plaintiff to see if there

3

were any matters to report or rents collected. Plaintiff generally had nothing to report. No timecards or other system was in place to document Plaintiff's time. Rather, as set forth in the Independent Contractor Agreement, and as in effect between the parties, Plaintiff could use her own time to do the tasks required of her and was not expected to spend more than one hour a day unless there were multiple vacant apartments and a number of perspective tenants to show to the units.

**INTERROGATORY NO. 4:** Identify and describe in detail any and all management training procedures that involve employee time records, time clock usage, instructions for and scenarios in which necessitate time clock changing or manipulation, and how You tracked the time worked by Plaintiff and your other employees.

**RESPONSE:** None

**INTERROGATOR NO. 5:** For each worker that has worked for You within the last five years to present, identify that worker's position; all duties and responsibilities; their primary duty; whom (if anyone) they supervised; whom (if anyone) they could hire or fire; how their suggestions or recommendations regarding hiring, firing, advancement, promotion or other change of status were given weight (if any such weight was given); all duties in which they were customarily and regularly engaged; rate of pay; dates of employment; last known address and telephone number; whether you classify/classified them as exempt or non-exempt under the Fair Labor Standards Act; and, if classified as exempt, the exemption you claim(ed) they fall under. If Defendants are claiming a

4

privilege that Plaintiff's counsel is not permitted to directly contact them, state the legal basis for that privilege.

**RESPONSE:** Defendants had no employees and had no workers other than the Plaintiff herein who was an independent contractor as discussed above. Therefore, this non-uniform interrogatory is not applicable.

**INTERROGATORY NO. 6:** From the last five years until present, was Plaintiff of any other of Your workings ever paid under minimum wage and/or note paid full time-and-a-half overtime during any pay period where they were employed by You? If so, identify all workers' names and contact information, wage periods for which they were paid under minimum wage or not full overtime, and amount they were actually paid compared to the hours they worked.

**RESPONSE:** Defendants had no employees. Defendants had no independent contractor relationship with anyone other than Plaintiff. Plaintiff was not paid under minimum wage or not paid time and a half for overtime hours. Rather, Plaintiff received the rent credit as set forth in the applicable Independent Contractor Agreement and which gave her free rent in the apartment unit she occupied in exchange for approximately ten hours a week of work. Because the value of the free rent was about $800 as of May 2015, increasing to $1,050 by 2018, the compensation Plaintiff received exceeded a minimum wage. Plaintiff was neither required to work nor did she work overtime. Plaintiff was neither required to be on-call nor was she on-call.

**INTERROGATORY NO. 7:** Are they any time periods during which Plaintiff worked for You in which you do not have clear and accurate records of all time Plaintiff working during a given work week? If so, identify all suspected time periods for which you do not have clear and accurate records of all hours worked by Plaintiff?

**RESPONSE:** Responding party did not maintain and does not have any records of the time Plaintiff worked. Rather, Plaintiff reported to Mr. Janowiak on a daily basis as to events which had transpired in his absence, if any.

**INTERROGATORY NO. 8:** Separately identify and describe with specificity all pre-litigation actions, and all post-litigation actions, taken pursuant to the Rules, or otherwise, to preserve and protect potential evidence related to this matter, and all documents related thereto.

A full response to this request requires, at a minimum, that you identify (a) the date(s) of each and every such action, (b) all individuals related to the action, (c) any efforts made to contact persons related to you in order to ascertain what potential evidence they may have, or be able to obtain, and (d) any efforts made to ascertain what potential evidence may be within your possession, custody or control. This request includes the identity, and a description, of any such actions about which you were advised or notified (regardless of whether you actually took authorized or approved of the action).

**RESPONSE:** Plaintiff's claims were not presented until after Defendants had sold the Garden View Townhomes to a third party. Therefore, the operating records related to the

management of the townhomes, including tenants' leases were turned over to the new owner. Defendants, to the extent they had records concerning the relationship with Plaintiff, have preserved such records and have provided them to their counsel. All such records were identified in Defendants' Mandatory Initial Discovery Responses previously provided herein.

**INTERROGATORY NO. 9:** Describe in detail all evidence and reasons which support any denials or affirmative defenses set forth in Defendants' Answer (Dkt. 9). The answer to this interrogatory will include listing all defenses and detailing all evidence to support those Defenses.

**RESPONSE:** The basis for and documents supporting Defendants' denials and affirmative defenses are identified in Defendants'/Counterclaimants' Mandatory Initial Discovery Responses.

The facts in support of Defendants' denials include, in pertinent part, the Independent Contractor Agreement entered into by Plaintiff and Defendants which confirmed she was an independent contractor "free to set (her) own work schedule related to work performed," and in exchange, by August 2016, for full free rent. These are found with Defendant's/Counterclaimant's Mandatory Initial Discovery Responses, response to discovery request no. 3, at documents 1 through 5.

The denial as to Plaintiff's claims she worked seven days a week, twelve hours a day, eighty-four hours a week, and was required to be on-call for all or a portion of that time is supported by the Independent Contractor Agreements and by the Garden View

Townhomes Financial Reports for the months of October through December 2018. As set forth in Defendants'/Counterclaimants' Initial Discovery Responses, a third party was appointed as a result of the Janowiak divorce proceeding to manage the Garden View Townhomes during the months of October through December 2018. The management personnel independently determined Plaintiff worked ten hours a week, was not on-call, and was to be compensated for ten hours of work a week.

Defendants' second affirmative defense, alleging estoppel, is based upon Plaintiff's failure to maintain or provide records, or otherwise inform Defendants she allegedly worked more than ten hours a week.

The second and third affirmative defenses, those for setoff and unclean hands, are based primarily on Plaintiff's unauthorized and fraudulent use of Mr. Janowiak's credit card accounts to make purchases and obtain cash advances. These affirmative defenses are supported by those documents included in the Mandatory Initial Discovery Responses, response to discovery request no. 3, documents 15 through 27, and based on the factual allegations set forth in the Mandatory Initial Discovery Response, response to discovery request no. 4.

**INTERROGATORY NO. 10:** Identify all individual who performed any of the following activities in relation to Plaintiff's employment/work and identify which activity they performed: a) hired, b) compensated for work performed, c) had control over daily work activity, d) managed, 3) disciplined, f) fired, g) determined payrate, h) the

8

1 responsibility to maintain employment record, i) issued paycheck, j) scheduled hours, and
2 k) payroll.

3 **RESPONSE:** Frank Janowiak entered into the Independent Contractor Agreement with
4
5 Plaintiff, agreed to the manner and rate of compensation set forth therein, and ultimately
6 terminated Plaintiff in September 2019.  Plaintiff had sole control over her daily work
7 activity, was not managed, was not disciplined, was not issued a paycheck, and had no
8
9 scheduled workhours.  Defendant Janowiak maintained records pertaining to Plaintiff,
10 including the Independent Contractor Agreements, referenced above.

11      DATED this 20th day of December, 2019.

12                                    THE KOZUB LAW GROUP, PLC
13
14                              By: _____
15                                    Richard W. Hundley
                                      7537 East McDonald Drive
16                                    Scottsdale, AZ 85250
17                                    Attorneys for Defendants

18 Original of the foregoing mailed
19 this 20th day of December, 2019, to:

20 Michael Zoldan
   Jason Barrat
21 Zoldan Law Group, PLLC
22 14500 N. Northsight Blvd., Ste. 133
   Scottsdale, AZ 85260
23 Attorneys for Plaintiff
24 _____
25
26
27
28

9

VERIFICATION

STATE OF ARIZONA   )
                   ) ss.
County of Maricopa )

The undersigned, Frank Janowiak, individually and as manager and member of Garden View Townhomes, LLC, has read the foregoing Responses to Plaintiff's First Set of Requests for Non-Uniform Interrogatories and the facts set forth therein are true to the best of my knowledge, except as to those matters alleged on information and belief and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of Arizona the foregoing is true and correct.

_____
Frank Janowiak

10